UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| Byron Glen Midkiff, Jr,<br><br>      Petitioner,<br> v.<br><br>Jason Bennett ,<br><br>      Respondent. | Case No. 3:24-cv-05550-LK-TLF<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR OCTOBER 1, 2024 |

On July 10, 2024, Petitioner filed a habeas corpus petition under 28 USC 2241 and an application to proceed *in forma pauperis* (IFP). Dkt 1. On August 5, 2024, the Court ordered Petitioner to show cause why their petition should not be dismissed for failure to exhaust. Dkt. 4. Petitioner's deadline for responding was August 26, 2024. *Id.*

Petitioner has not responded to the Court's order to show cause to date[1]. Accordingly, the undersigned recommends that the Court DENY Petitioner's IFP application (Dkt. 1) and dismiss the action without prejudice. In this case, on the face of the petition, the claims are unexhausted and the Court should dismiss without prejudice on the basis of failure to exhaust state remedies. *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (if habeas corpus petition contains only unexhausted claims, the federal district court is required to dismiss).

---

[1] Petitioner requested the docket sheet on August 16, 2024. Dkt. 5. He states in his request that "no notice of action has been served." Petitioner's motion has not been served, however, because he has not been granted IFP.

REPORT AND RECOMMENDATION - 1

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on **October 1, 2024**, as noted in the caption.

Dated this 16th day of September, 2024.

Theresa L. Fricke
United States Magistrate Judge