UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BYRON GLEN MIDKIFF, JR., <br><br>                    Petitioner, <br><br>     v. <br><br> JASON BENNETT, <br><br>                    Respondent. | CASE NO. 3:24-cv-05550-LK <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Theresa L. Fricke. Dkt. No. 6. Judge Fricke recommends dismissing Petitioner Byron Glen Midkiff, Jr.'s federal habeas petition for failure to exhaust state remedies and denying his application to proceed *in forma pauperis* ("IFP"). *Id.* at 1. Mr. Midkiff did not file any objections to the R&R.

Mr. Midkiff is confined at the Stafford Creek Corrections Center, where he is serving a sentence entered in Clallam County Superior Court. Dkt. No. 1 at 2; Dkt. No. 1-1 at 1; *see also State v. Midkiff*, No. 19-1-00389-05 (Wash. Super. Ct. Feb. 27, 2020). On July 10, 2024, Mr. Midkiff filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court in which he

challenges the validity of his current custody. Dkt. No. 1-1. He appears to assert that any indeterminate life sentence made pursuant to Section 9.94A.507 of the Revised Code of Washington is facially unconstitutional and violates his Sixth Amendment right to a jury trial. *Id.* at 6; Dkt. No. 1-2 at 1; Dkt. No. 1-5 at 2. He seeks to have this Court determine "whether State Laws violate Federal Law" and to "issue an unconditional writ releasing [him] from custody." Dkt. No. 1-1 at 7.

On August 5, 2024, Judge Fricke ordered Mr. Midkiff show cause by August 26, 2024 why his petition should not be dismissed for failure to exhaust state court remedies. Dkt. No. 4 at 3. Mr. Midkiff requested the docket sheet on August 16, 2024, Dkt. No. 5, but otherwise failed to file a response to the show cause order. Judge Fricke consequently issued her R&R on September 16, 2024. Dkt. No. 6.

As a threshold matter, Mr. Midkiff contends in his petition that he is petitioning for relief under 28 U.S.C. § 2241(c)(3), and "objects to any recharacterization" of his habeas petition as a petition under 28 U.S.C. § 2254. Dkt. No. 1-5 at 1 (citing *Castro v. United States*, 540 U.S. 375 (2003)); *but see* Dkt. No. 3-3 at 1 (seeking relief under § 2254); Dkt. No. 3-5 at 1 (seeking discovery under the Rules Governing Section 2254 Cases). Such objection is meritless. As Judge Fricke noted, "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" Dkt. No. 4 at 1 (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)); *see also Felker v. Turpin*, 518 U.S. 651, 662 (1996) (noting that federal courts' "authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court'" (quoting 28 U.S.C. § 2254(a)). Because Mr. Midkiff is currently in custody pursuant to the judgment of Clallam County Superior Court, the Court construes his

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

habeas petition under 28 U.S.C. § 2254.[1]

Under Section 2254, "[a] prisoner in state custody may seek to remedy a violation of his federal constitutional rights by petitioning for a writ of habeas corpus in federal court." *Dixon v. Baker*, 847 F.3d 714, 718 (9th Cir. 2017); 28 U.S.C. § 2254(a). However, "before such a petition may be heard, the petitioner must 'seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error.'" *Dixon*, 847 F.3d at 718 (quoting *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982)); 28 U.S.C. § 2254(b)–(c). If a habeas petition contains only unexhausted claims, the federal court is "obliged to dismiss immediately[.]" *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001). As Judge Fricke observed in her show cause order, Mr. Midkiff has "ma[de] clear that he has not presented the issue raised in his petition to any state appellate court for review." Dkt. No. 4 at 2 (citing Dkt. No. 1-1 at 2–7).

Having reviewed the R&R and the remainder of the record, and in the absence of any objections by Mr. Midkiff, the Court hereby finds and ORDERS the following:

1. The Court ADOPTS Judge Fricke's R&R, Dkt. No. 6.

2. Mr. Midkiff's IFP application, Dkt. No. 1, is DENIED.

3. Mr. Midkiff's petition, Dkt. No. 1-1, is DISMISSED without prejudice.

The Clerk is directed to send copies of this Order to Mr. Midkiff at his last known address and to Judge Fricke.

Dated this 15th day of October, 2024.

Lauren King
United States District Judge

---

[1] As Judge Fricke observed in the R&R, Mr. Midkiff's reference to the Supreme Court's holding in *Castro* does not change this outcome. Dkt. No. 4 at 2. That case concerned habeas petitions under 28 U.S.C. § 2255, which concerns "prisoner[s] in custody under sentence of a court established by Act of Congress," i.e., federal courts, and thus is not applicable here. *Castro*, 540 U.S. at 377; 28 U.S.C. § 2255(a); *see also Southard v. Bennett*, No. 2:24-cv-01146-JHC-BAT, 2024 WL 4190810, at *2 (W.D. Wash. Aug. 30, 2024), *report and recommendation adopted*, 2024 WL 4189042 (W.D. Wash. Sept. 13, 2024).

ORDER ADOPTING REPORT AND RECOMMENDATION - 3