UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BYRON GLEN MIDKIFF, JR., <br><br> Plaintiff, <br> v. <br><br> JASON BENNETT, <br><br> Defendant. | CASE NO. 3:24-cv-05550-LK <br><br> ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT |

This matter comes before the Court on Petitioner Byron Glen Midkiff Jr.'s three motions for relief from judgment. Dkt. Nos. 8, 14–15. In all three motions, Mr. Midkiff requests that the Court vacate its October 15, 2024 Order Adopting Report and Recommendation pursuant to Federal Rule of Civil Procedure 60(b)(4). Dkt. No. 8 at 1–2; Dkt. No. 14 at 1–2; Dkt. No. 15 at 1–2; *see also* Dkt. No. 7. He also requests certificates of appealability. Dkt. No. 8 at 2; Dkt. No. 14 at 2; Dkt. No. 15 at 2. For the reasons set forth below, the Court denies all three motions and denies Mr. Midkiff's requests for certificates of appealability.

I. BACKGROUND

On October 15, 2024, the Court adopted the Report and Recommendation ("R&R") of

United States Magistrate Judge Theresa L. Fricke, dismissed Mr. Midkiff's federal habeas petition for failure to exhaust state remedies, and denied his application to proceed *in forma pauperis*. Dkt. No. 7 at 3. Specifically, the Court found that Mr. Midkiff failed to seek relief from state courts regarding his apparent assertion that any indeterminate life sentence made pursuant to Section 9.94A.507 of the Revised Code of Washington is facially unconstitutional and violates his Sixth Amendment right to a jury trial. *Id.* at 1–3. The Court also rejected Mr. Midkiff's demand that his petition be considered under 28 U.S.C. § 2241(c)(3) instead of 28 U.S.C. § 2254. *Id.* at 2–3.

Mr. Midkiff filed his first motion for relief from judgment on October 24, 2024, contending that relief under Rule 60(b) is warranted because the Court considered his federal habeas petition under 28 U.S.C. § 2254 even though he specifically requested that his petition be considered under 28 U.S.C. § 2241. Dkt. No. 8 at 2. He also claims in his motion that the Court "fail[ed] to appraise [him of its] intention to recharacterize [his] petition[]" and "faile[d] to afford [him] the opportunity to withdraw his petition." *Id.* at 2. He also requests that, in the alternative, the Court "[f]ile [a] Notice of Appeal for denial of Motion for Relief From [J]udgment," *id.*, which the Court construes as a request for a certificate of appealability.

On October 24, 2024, Mr. Midkiff appealed the Court's October 15, 2024 Order to the United States Court of Appeals for the Ninth Circuit, Dkt. No. 9, which was docketed on October 28, 2024, Dkt. No. 10. On November 7, 2024, Mr. Midkiff requested a separate certificate of appealability from the Ninth Circuit "to avoid a dilatory remand for the limited purpose of granting or denying a certificate of appealability." Dkt. No. 11 at 2.

On November 19, 2024, Mr. Midkiff filed a second motion for relief from judgment, specifically contending that the Court "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of [his] Motion for Request for Records Pursuant to 28 U.S.C. § 2250." Dkt. No. 14 at 1; *see also* Dkt. No. 3 (motion for request for records). He also requests in

ORDER DENYING MOTIONS FOR RELIEF FROM JUDGMENT - 2

this motion that the Court reopen his habeas proceedings and issue a certificate of appealability. Dkt. No. 14 at 2.

On December 3, 2024, Mr. Midkiff filed a third motion for relief from judgment, contending that the Court also "violated the Magistrate's Act and Habeas Rule 8(b) by failing to conduct de novo review of [his] Motion Order Response." Dkt. No. 15 at 1; *see also* Dkt. No. 3-2 (motion to order response). He requests a certificate of appealability in this motion as well. Dkt. No. 15 at 2.

## II. DISCUSSION

### A. Jurisdiction

The Court has subject-matter jurisdiction over Mr. Midkiff's motions. Although a district court generally does not have jurisdiction over a motion filed pursuant to Federal Rule of Civil Procedure 60 if it is filed after a judgment has been appealed, *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam), "[i]f a party files a notice of appeal after the court announces or enters a judgment" but before it disposes of a pending motion filed pursuant to Federal Rule of Civil Procedure 60 or other applicable motion, the notice of appeal only "becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." Fed. R. App. P. 4(a)(4)(B)(i); *see also Nutrition Distrib. LLC v. IronMag Labs, LLC*, 978 F.3d 1068, 1074 n.2 (9th Cir. 2020).

Here, Mr. Midkiff filed his October 24, 2024 motion on the same day as his notice of appeal. It is clear from these filings that Mr. Midkiff intended that the Court consider his motion first and then, if his request for relief was denied, file a notice of appeal on his behalf. He attached the notice of appeal as an exhibit to his motion and asked that the Court file the notice of appeal in the event it denied his request for relief. Dkt. No. 8 at 2 (asking the Court "to reopen the habeas by 1) void the Order Adopting R & R; 2) entering a decision consistent with reasonable jurists, or

*in the alternative*, 3) File Notice of Appeal for denial of Motion for Relief from judgment") (emphasis added); *id.* at 3 (listing notice of appeal as an attachment). Therefore, Mr. Midkiff filed his motion before he filed a notice of appeal, and the Court has jurisdiction over the motion. Fed. R. App. P. 4(a)(4)(B)(i). And because Mr. Midkiff filed his November 19, 2024 and December 3, 2024 motions before the Court ruled on his October 24, 2024 motion, the Court has jurisdiction over those motions as well. *Id.*; *Nutrition Distrib. LLC*, 978 F.3d at 1074 n.2.

**B.    All of Mr. Midkiff's Rule 60(b) Motions Are Meritless**

The Court denies all three of Mr. Midkiff's motions. As relevant here, under Federal Rule of Civil Procedure 60(b), the Court is permitted to grant relief from a final judgment or order if "the judgment is void" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(4), (6).

In his October 24, 2024 motion, Mr. Midkiff argues that relief under Rule 60(b) is warranted because the Court considered his federal habeas petition under 28 U.S.C. § 2254 even though he specifically requested that his petition be considered under 28 U.S.C. § 2241. Dkt. No. 8 at 2. He also claims that the Court "fail[ed] to appraise [him of its] intention to recharacterize [his] petition[]" and "faile[d] to afford [him] the opportunity to withdraw his petition." *Id.* at 2. These arguments are meritless. As the Court previously explained, because Mr. Midkiff is in custody pursuant to a state court judgment, the Court was required to construe his habeas petition as one filed under 28 U.S.C. § 2254. Dkt. No. 7 at 2–3. "Because § 2254 limits the general grant of habeas relief under § 2241, it 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'" *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018) (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Furthermore, the Court was under no obligation to provide Mr. Midkiff with an "opportunity" to withdraw his petition before dismissing it. Because the Court dismissed Mr. Midkiff's federal habeas petition without prejudice,

he retains the ability to file a federal habeas petition again once he exhausts his state court remedies. The Court therefore denies Mr. Midkiff's October 24, 2024 motion for relief from judgment.

Mr. Midkiff's November 19, 2024 motion is equally meritless. In this motion, Mr. Midkiff seeks to void the Court's October 15, 2024 Order because it "violated the Magistrate[s] Act and Habeas Rule 8(b) by failing to conduct de novo review of Petitioner's Motion for Request for Records Pursuant to 28 U.S.C. § 2250." Dkt. No. 14 at 1; *see also* Dkt. No. 3. Section 2250 provides that "[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending." 28 U.S.C. § 2250. No order permitted Mr. Midkiff to proceed in forma pauperis; instead, Judge Fricke recommended denying Mr. Midkiff's IFP application, and the Court adopted that recommendation. Dkt. Nos. 6–7. Thus, Section 2250 is inapplicable and provides no basis to set aside the October 15, 2024 Order. *See Ross v. Bennett*, No. 3:24-cv-05528-TL, 2024 WL 4451610, at *1 (W.D. Wash. Oct. 8, 2024). The Court accordingly denies Mr. Midkiff's November 19, 2024 motion for relief from judgment.

Mr. Midkiff's December 3, 2024 motion is meritless as well. In this motion, Mr. Midkiff seeks to void the Court's October 15, 2024 Order because it "violated the Magistrate[s] Act and Habeas Rule 8(b) by failing to conduct de novo review of [his] Motion Order Response." Dkt. No. 15 at 1; *see also* Dkt. No. 3-2. In his "Motion Order Response," Dkt. No. 3-2, Mr. Midkiff sought to "move[] this Court pursuant to Rule 5 of the Rules Governing Section 2254 [Cases] in the United States District Court[s] to order the Respondent to answer the petition." *Id.* at 1. Rule 4 of the Habeas Rules provides that "[i]f it plainly appears from the petition and any attached exhibits that

1  the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition," and
2  is not required to "order the respondent to file an answer, motion, or other response[.]" Fed. Rules
3  Governing § 2254 Cases, Rule 4 (emphasis added). As the Court previously ruled, Mr. Midkiff is
4  not entitled to relief in federal district court because he has failed to exhaust his state court
5  remedies, Dkt. No. 7 at 2–3; therefore, the Court was obligated under the Habeas Rules to dismiss
6  Mr. Midkiff's petition, rather than order a response from the Respondent. Mr. Midkiff's December
7  3, 2024 motion for relief from judgment is consequently denied.

**C.    Mr. Midkiff's Requests for Certificates of Appealability are Denied**

Finally, the Court denies Mr. Midkiff's requests for certificates of appealability. Dkt. No. 8 at 2; Dkt. No. 14 at 2; Dkt. No. 15 at 2. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). For the reasons laid out above and in the Court's prior order, Dkt. No. 7, Mr. Midkiff is not entitled to a certificate of appealability.

### III.  CONCLUSION

For the foregoing reasons, the Court DENIES Mr. Midkiff's motions for relief from judgment. Dkt. Nos. 8, 14–15. Mr. Midkiff's requests for certificates of appealability, Dkt. No. 8 at 2; Dkt. No. 14 at 2; Dkt. No. 15 at 2, are also DENIED.

Dated this 6th day of December, 2024.

Lauren King
United States District Judge